UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARLOS ALFREDO PACHECO ROMERO,
Plaintiff,

v.

GENERAL MOTORS LLC, *et al.*,
Defendants.

Case No. 2:25-cv-07111-CV (KSx)

**ORDER GRANTING MOTION TO REMAND**

**[DOC. #13]**

Before the Court is Plaintiff Carlos Alfredo Pacheco Romero's ("Plaintiff") August 22, 2025, Motion for Remand ("Motion"). Doc. # 13 ("Mot."). Defendant General Motors LLC ("Defendant") filed an opposition on September 26, 2025. Doc. # 14 ("Opp."). On October 3, 2025, Plaintiff filed a reply. Doc # 16 ("Reply").

On October 7, 2025, the Court took the Motion under submission, finding it appropriate for decision without oral argument. Doc. # 17; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the Court GRANTS the Motion.

## I. INTRODUCTION

Plaintiff filed the present action on March 6, 2025, in the Superior Court of California for the County of Los Angeles. Doc # 1-1 ("Compl."). The Complaint asserts (1) Violation of California Civil Code section 1793.2(d); (2) Violation of California Civil

Code section 1793.2(b); (3) Violation of California Civil Code section 1793.2(a)(3); (4) Breach of the Implied Warranty of Merchantability (Cal. Civ. Code §§ 1791.1, 1794) and (5) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. *See generally*, Compl. Plaintiff seeks actual damages, restitution, civil penalties, consequential and incidental damages, attorney fees and costs, and prejudgment interest. *See id.* at Prayer.

## II. FACTUAL BACKGROUND

Plaintiff alleges that, on or around May 5, 2023, he leased a 2023 Chevrolet Silverado 1500, VIN 1GCPABEKXPZ218177 (the "Vehicle"). Compl. ¶¶ 6, 9. Defendant manufactured and/or distributed the Vehicle. *Id*. ¶ 9.

Plaintiff alleges that during the lease, he received express written warranties, which provided, in part, that if a nonconformity developed within the Vehicle during the applicable warranty period, Plaintiff could deliver the Vehicle for repair to Defendant's authorized service and repair facilities, and the Vehicle would be repaired. *Id*. ¶ 11.

The Vehicle allegedly manifested defects covered by Defendant's express written warranties, including "engine, breaks, and window defects." *Id*. ¶ 12. Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities, but Defendant failed to service or repair the Vehicle after a reasonable number of opportunities to do so. *Id*. ¶¶ 13–14.

## III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on March 6, 2025 in Los Angeles County Superior Court. On March 10, 2025, Plaintiff served a copy of the Complaint and Summons on Defendant. Doc. # 13-1 ("Yang Decl."), ¶ 5. On April 24, 2025, Defendant filed an answer in the Superior Court. *Id*. ¶ 6.

On June 23, 2025, Plaintiff produced a copy of the Vehicle's Sales Agreement to Defendant as part of Plaintiff's statutory disclosures under the California Code of Civil Procedure. *Id*. ¶ 7. On August 1, 2025, Defendant General Motors LLC removed the action to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. # 1 ("NOR").

## IV. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## V. DISCUSSION

Defendant contends that removal was proper here under 28 U.S.C. § 1332 because diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000. NOR at 3–6. However, the Court, upon its own review, is not satisfied that the Parties have established that diversity jurisdiction is proper. For the reasons set forth below, the Court finds that Defendant has failed to establish that diversity jurisdiction exists.

Federal courts have a duty to examine jurisdiction *sua sponte* before proceeding to the merits of a case, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see*

*Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.") (footnote omitted); *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP (AGRx), 2009 WL 1519894, *1 (C.D. Cal. June 1, 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or *sua sponte*").

Here, Defendant removed this action on the basis of diversity jurisdiction. NOR at 2–3. To show that this action exceeds the jurisdictional minimum, *see* 28 U.S.C. § 1332(a), Defendant first calculated actual damages as $44,307.63, which includes statutory offsets. NOR at 5. Because actual damages were insufficient to reach the jurisdictional threshold, Defendant added civil penalties, (*see id.*; Cal. Civ. Code § 1794(c)), as well as at least $5,000 in attorney's fees, which caused the amount in controversy to exceed $75,000. NOR at 5–6. Accordingly, "whether removal is proper turns on Plaintiff's claim for civil penalties." *See Pennon v. Subaru of America, Inc.*, Case No. 2:22-cv-03015-SB-RAO, 2022 WL 2208578, *2 (C.D. Cal. June 17, 2022).

Defendant alleges that its "preliminary investigation . . . revealed that Plaintiff is more likely than not to actually seek [two times actual damages in] civil penalties[,]" and they should therefore be included in the amount in controversy. NOR at 5. But Defendant's conclusory and boilerplate contention is insufficient for the Court to consider civil penalties in ascertaining the amount in controversy.

The amount in controversy is determined based on the complaint at the time the notice of removal is filed. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he core principle of federal removal jurisdiction on the basis of diversity . . . [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected."). A plaintiff who establishes a violation of the Song-Beverly Act

may also recover a civil penalty equal to "two times the amount of actual damages," where the defendant's violation was willful. Cal. Civ. Code § 1794(c); *see Langner v. General Motors LLC*, No. 2:25-cv-06856-SVW-AJR, 2025 WL 3281526, *4 (C.D. Cal. Nov. 24, 2025). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon*, 2022 WL 2208578, at *2 (internal quotation marks omitted). Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (internal quotation marks and alteration omitted*); see, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (stating, in CAFA removal case, that a defendant satisfies the amount-in-controversy requirement "if it is reasonably possible that it may be liable for the proffered punitive damage amount" and that "[o]ne way to meet the burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied on by defendant in its removal notice").

In other words, the Court must determine the amount in controversy based on the facts that are before it, not on contingent, uncertain, or speculative allegations. That is, the amount in controversy cannot be met by conjecture or speculative allegations regarding a contingent claim, *i.e.*, willfulness, that is not plausible based on the allegations in the Complaint. *See, e.g.*, *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 543 (3d Cir. 1995) (["The court] will not ordinarily consider such speculative arguments in determining the amount in controversy"); *see also Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) ("[T]he jurisdictional test is applicable to that amount that flows directly and with a fair degree of probability from the litigation, not from collateral or speculative sources").

Here, the Complaint's allegations regarding willfulness are boilerplate and conclusory, alleging only that "Defendant's failure to comply with its obligations . . . was willful, in that Defendant and its representatives knew of their legal obligations and

intentionally declined to follow them." *See* Compl. ¶¶ 17, 24, 28. Under the circumstances, "plaintiff['s] boilerplate allegations regarding defendant['s] willfulness are, without more, insufficient to establish that civil penalties . . . should be included in the amount in controversy."[1] *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023); *see, e.g.*, *Pennon*, 2022 WL 2208578, at *2 ("Defendant has made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount."); Even assuming some civil penalty is included, the Defendant still fails "to prove that it is reasonable to double the amount of actual damages in arriving at the size of the likely award." *Langner*, 2025 WL 3281526, at *5 ("Gesturing to a bare request by Plaintiffs for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible – falls short. . . . Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction. Without the inclusion of civil penalties, Defendant has failed to show that the amount in controversy meets the jurisdictional threshold for diversity jurisdiction.[2]

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, *see Gaus*, 980 F.2d at 566, the Court is not persuaded, under the circumstances here, that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.[3] *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the

---

[1] While there is a split on this issue, the Court finds more persuasive the view that civil penalties should not be included in the amount in controversy when the Complaint includes only conclusory allegations regarding willfulness.

[2] Defendant also included $5,000 in attorney's fees. *See* NOR at 5–6. Even adding $5,000 to the actual damages calculation would not result in $75,000 in controversy.

[3] Although the Complaint includes a federal claim, the MMWA, (*see* Doc. # 1-1, Compl. at ¶¶ 34–44), the Court need not consider it here because defendant did not seek removal on that basis. *See generally* NOR.

amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it was not facially evident from the complaint that more than $75,000 was in controversy, [Defendant] should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold.") (cleaned up).

Finally, the Court denies Plaintiff's request for attorney fees. Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the Court finds that Defendant did not lack an objectively reasonable basis for removal.

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Court remands the case to the Los Angeles County Superior Court, Case No. 25STCV06381. The Clerk shall send a certified copy of this Order to the Superior Court.

3. The Court directs the Clerk to effect the remand immediately and close this federal case.

**IT IS SO ORDERED**.

Dated: September 8, 2026

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE